UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM HENRY RIESE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:25-CV-5091-KES<br><br>ORDER DENYING MOTION TO PROCEEED WITHOUT PREPAYMENT OF FEES (DOC. 2); DENYING MOTION TO APPOINT COUNSEL (DOC. 7); |

**Motion to Proceed Without Prepayment of Fees**

Petitioner has filed the present Motion to Proceed Without Prepayment of Fees (Doc. 2). In support of his motion, Petitioner included a statement declaring that he has a sum of $265.88 in his accounts. (Doc. 2). Mr. Riese also sent a letter indicating that he asked the BOP to provide a Prison Trust Account Report, but due to impending transfer he had not received it yet. (Doc. 3).

There is no filing fee in an action under 28 U.S.C. § 2255. *In forma pauperis* status may still be requested to allow a petitioner to obtain access to copies of pleadings, transcripts and other documents free of charge. Given the court's recommendation that Mr. Riese's § 2255 motion be dismissed without prejudice and because Mr. Riese failed to file a Prisoner Trust Account, the motion for *in forma pauperis* status is denied without prejudice.

1

## Motion to Appoint Counsel

Petitioner has filed the present Motion for the Appointment of Counsel (Doc. 7). This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel which is applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who
>
> \*\*
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

**Rule 6(a):**

If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8(c):**

2

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (internal citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

Based on the claims in Petitioner's § 2255 petition (Doc. 1) which the court recommends be dismissed without prejudice, the interests of justice do not warrant appointing counsel at this time. At the present time, the motion is premature, and accordingly, is denied.

## CONCLUSION

It is hereby,

ORDERED that Petitioner's Motion to Proceed Without Prepayment of Fees (Doc. 2) is denied without prejudice; IT IS FURTHER

ORDERED that Petitioner's Motion to Appoint Counsel (Doc. 7) is denied without prejudice.

DATED this 5th day of January, 2026.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge